IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-01392-RBJ

JOSHUA CHACON,

    Plaintiff,

v.

DARNELL M. GAFFNEY
MENDOTA INSURANCE COMPANY, and
MENDAKOTA INSURANCE COMPANY,

    Defendants.

ORDER

    Plaintiff moves for an order remanding this case to state court.  For the reasons set forth herein the motion is granted.

**Facts**

    Joshua Chacon was injured in a motor vehicle collision on January 29, 2010.  The other driver, Darnell Gaffney, was apparently uninsured.  On January 11, 2013 Chacon sued Gaffney in the District Court for Boulder County and joined as defendants two insurance companies which, he alleges, sold him uninsured motorist coverage.

    Gaffney was served with the summons and complaint but did not answer or otherwise respond.  Chacon, through counsel, then filed what he called a "Motion for Entry of Default Judgment against Defendant Darnell M. Gaffney," a copy of which is attached to his pending motion to remand as Exhibit 2 [CM/ECF docket #12-2].  Notwithstanding its title, the substance of the motion is a request that the Clerk (in one place) or the Court (in another) enter a default

against Gaffney. *Id.* Chacon's counsel tendered a proposed order with the motion, the form of which reads that a "default judgment" is entered but that plaintiff must contact the Clerk to set a hearing on damages. The judge signed the proposed order on April 30, 2013.

It is undisputed that the insurers are residents of Minnesota, and that the matter in controversy exceeds $75,000, exclusive of interest and costs. Chacon and Gaffney were residents of Colorado. However, arguing that the "default judgment" against Gaffney "end[ed] his status as a party defendant in this matter," the insurers filed a Notice of Removal in this Court on May 29, 2013. [#1]. Chacon's motion to remand rests on arguments that (1) Gaffney is still a party, and (2) the removal was not timely. The motion has been fully briefed.

**Analysis**

Defendants' theory is that the case became removable on April 30, 2013 when the "default judgment" was entered against Gaffney. They filed their notice of removal on May 29, 2013. Accordingly, the removal was timely. *See* 28 U.S.C. 1446(b)(3).

Problem is, there was no diversity of citizenship. Despite the careless wording, Chacon's motion in the state court sought a default, not a default judgment. The Court, apparently misled by the motion and proposed form of order, entered a "default judgment" that in substance was a default. It is evident even from the form of order that a final judgment was not entered against Gaffney. The final paragraph states, "The Court orders Plaintiff to contact the clerk to set a hearing on damages." Order [#12-3] at ¶6. Counsel apparently has not yet complied.

I am not oblivious to the apparent tactics here. Failure to set a hearing on damages supports plaintiff's remand motion. Nor am I oblivious to the fact that this case has nothing to do with Boulder: Chacon says he resides in Denver, that Gaffney resided in Jefferson County;

and that the accident occurred in Adams County.  Nevertheless, this Court cannot take jurisdiction where none exists.

**Order**

Motion #12 is granted.  Motion #21 is moot.  The case is remanded to the state court, each party to bear his or its own costs and attorney's fees.

DATED this 3rd day of December, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge